# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2020

Lyle W. Cayce
Clerk

No. 19-10728
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE HUGH WASHINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-106-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Willie Hugh Washington appeals from the third revocation of his term of supervised release for his original conviction of conspiracy to possess with intent to distribute at least five grams of methamphetamine. For the third revocation, the district court sentenced Washington to three years of imprisonment and ten years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10728

Washington argues that his sentence was procedurally unreasonable because the district court treated the revocation as mandatory and failed to consider drug treatment as an alternative, as required under 18 U.S.C. § 3583(d). Additionally, he contends that the district court failed to consider his argument that his relapses into drug use were triggered by trauma. Washington did not preserve these issues for appellate review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The record indicates that the district court implicitly considered these concerns. Moreover, the district court provided a sufficient explanation for his above-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007); *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). Accordingly, Washington has not demonstrated that the district court committed plain error by imposing a procedurally unreasonable sentence. *See Mondragon-Santiago*, 564 F.3d at 361.

In light of the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), Washington also argues that his sentence is procedurally unreasonable because the mandatory revocation and sentence of imprisonment required under § 3583(g) were unconstitutional. However, because Washington raised this issue for the first time in his reply brief and because it did not derive from any new arguments raised by the Government on appeal, we will not consider this issue. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

In addition, Washington argues that his above-guidelines sentence was substantively unreasonable because his sentence of imprisonment was more than three times the upper end of the advisory guidelines range, because the district court failed to consider drug treatment as an alternative, because the total of his current and prior revocation sentences exceeds his original 60-

month sentence, and because his prior revocation sentences of imprisonment and supervised release were unsuccessful. However, he has not shown that the district court did not account for a sentencing factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Thus, he has not demonstrated that the district court imposed a sentence that was substantively unreasonable, plainly or otherwise. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

AFFIRMED.